## LUDWIG SCHNEIDER & WIFE vs. H. HABENICHT.

### SUPREME COURT, AUSTIN, TERM, 1883.

*District Judge—Disqualification of—Special Judge.*---A district judge being disqualified to try a cause a special judge was appointed and qualified. The district judge exchanged districts with another judge, but when the cause was reached appellants objected to its trial upon the ground that a special judge had been appointed to try the cause. The cause was tried before the special judge, without objection, and it is now urged by appellant that it was error. *Held,* not to be error.

*Homestead Lien---Extension of time---New Notes and Deed of Trust.*---Where a deed of trust was executed on the homestead, when such transactions were lawful, it is sufficient upon which to base new notes and new deed of trust, executed even after the present constitutional inhibition against liens on the homestead.

*H. C. Fisher and Rudolph Runge* for appellants.

Opinion by Stayton, J.

Appeal from Gillespie County.

The Hon. A. O. Cooley, the District Judge of the district in which this cause was tried, being disqualified to try the cause, and the parties having failed to agree upon a special judge, the facts were certified to the Governor who appointed J. D. Hill Esq., to try the cause; and he qualified.

At a subsequent term the Hon. A. O. Cooley exchanged districts with the Hon. T. M. Paschal, and when the cause was reached upon the docket the appellants objected to the trial of the cause by Judge Paschal upon the ground that Mr. Hill had been appointed to try the cause, whereupon Judge Paschal passed the case and disposed of other business pending in the court and left the county, leaving the court open for the trial of this cause, after which the cause was tried by Mr. Hill without objection by either party, and it is now urged that this was error.

There is nothing in this assignment. Mr. Hill was qualified to try

the cause, and if it would have been regular for Judge Paschal to try the cause, the appellants cannot now be heard to complain that he did not do so; for the record shows that his failure to do so resulted from the opposition of the appellants to his so doing, and this with the express understanding as shown by the bill of exceptions that the case should be tried as it was by Mr. Hill.

The court did not err in overruling the application for a continuance; for if the witness had been present and testified to anything to which she could have testified under the last answer, it would not have changed the result.

Nor did the court err in refusing to give the instructions asked by the appellants.

The appellants in defence of the action alleged that the land in controversy was their homestead on the 26th of November 1870, and that it had continued so to be until the trial of the cause, and that on the date above mentioned they borrowed money from the appellee and gave him a mortgage upon the property to secure the payment; and that payment not having been made, on the 19th day of February 1876, for the debt thus due they executed to the appellee a new note for $600 due in two years from its date; and to secure the payment of the same also executed a deed in trust to Wm. Wahrmand trustee, upon the same property which had been covered by the mortgage, which trust deed gave the trustee power to sell in default of payment of the note. The note was not paid and the trustee sold the property and the appellee purchased it.

The charged asked asserted the proposition that as there was no power to sell given in the mortgage executed in 1870, the same was null, and although the debt had never been paid, that the new note and deed of trust were without consideration and void.

At the time the deed of trust was executed it was not unlawful to give a lien upon a homestead, and the existing debt, even if there had been no extension of time for payment, was certainly a sufficient consideration to support the contract. The motion for new trial presented in effect the matters already considered.

There is no error in the judgment, and it is affirmed.